IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

GREG BOUNDS                                                                                           PLAINTIFF

v.                                                                          CIVIL ACTION # 2:07cv356-KS-MTP

PINE BELT MENTAL HEALTH CARE RESOURCES,
WALID RAHHAL-MOHAMED, M.D.,
CHRIS LAMOUSIN, M.D.,
ASIM ULUSARAC, M.D.; and
ELI LILLY and COMPANY                                                                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the motion to remand [# 8] filed by the Plaintiff and the motion to dismiss [# 10] filed by the in-state Defendants. Because the Plaintiff failed to properly serve notice on the in-state Defendants as required by the Mississippi Tort Claims Act, the in-state Defendants are improperly joined to this action. Therefore, the Plaintiff's motion to remand should be **denied,** and the motion to dismiss by the in-state Defendants Pine Belt Mental Health Care Resources, Walid Rahhal-Mohamed, M.D., Chris Lamousin, M.D., and Asim Ulusarac, M.D. should be **granted**.

### I. FACTUAL BACKGROUND

Greg Bounds, an adult with mental retardation, was a patient at Pine Belt Mental Health Care Resources ("Pine Belt"). In the course of his treatment, doctors at Pine Belt prescribed for him Zyprexa, a medication used to treat schizophrenia. Bounds claims that the drug gave him severe side-effects, including causing the onset of diabetes mellitus type 2, or adult-onset

1

diabetes.

In October of 2003, Bounds claims that he informed doctors at Pine Belt that he had been diagnosed with adult-onset diabetes, believed by his personal physician to have been caused by Zyprexa. In early January of 2004, Bounds also reported to physicians at Pine Belt that his personal physician had discovered neuropathy in both of Bounds's feet. Despite both of Bounds's complaints, doctors at Pine Belt continued to treat Bounds's mental disorders with Zyprexa.

On December 4, 2007, Bounds filed suit against Pine Belt and the makers of Zyprexa, Eli Lilly and Company ("Lilly"). He alleged that Lilly "formed a scheme to further the sale and distribution of Zyprexa...for expanded or additional uses that had not been approved at that time." *See* Def.'s Notice of Removal Ex. 1 at ¶ 33 (Dec. 14, 2007). He further alleges that this scheme was effectuated despite Lilly's knowledge of a "large number of adverse event reports...involving diabetes-related injuries and illnesses associated with the use of Zyprexa." *Id*. at ¶ 34. In the same lawsuit, Bounds also claimed that his physicians were professionally negligent in continuing to treat him with Zyprexa after his side-effects appeared. He alleged that Pine Belt doctors "should have known that there was a causal connection between the use of Zyprexa and the onset of diabetes mellitus type 2" and that "Zyprexa was extremely dangerous and unsafe for use by those patients." *Id.* at ¶ 46.

Prior to filing suit, Bounds sent a certified letter to Pine Belt, stating that the letter was intended to "serve as the statutory notice required under Miss. Code Ann. § 15-1-36(15)."[1] The

---

[1]That statute requires that sixty (60) days' prior written notice be given to a health care provider if the plaintiff intends to sue them for professional negligence. The notice must "notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered." Miss. Code

letter informed Pine Belt that "Mr. Bounds alleges that you were professionally negligent in your failure to advise him that the prescription Zyprexa could result in various complications...and your continued prescription of Zyprexa once he developed diabetes." *See* Def.'s Mot. to Dismiss Ex. B (Jan. 7, 2008).  The letter made no mention of the notice requirements of Miss. Code Ann. § 15-1-36(15) for suits against governmental entities.

Shortly after filing suit, Lilly removed the action to this forum.  Lilly claims that the in-state Defendants, doctors employed by Pine Belt who treated Bounds, are improperly joined to defeat diversity jurisdiction.  The in-state Defendants have also moved for dismissal on those same grounds.  Bounds has responded by moving this Court to remand the case back to the Circuit Court of Forrest County.

## II. STANDARD OF REVIEW

The federal removal statute allows a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (2000).  Suits arising under federal law are removable without regard to the citizenship of the parties, but all other suits are removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. 1441(b) (2000).  To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied. *See Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

A plaintiff cannot defeat federal jurisdiction premised on diversity by improperly joining

---

Ann. § 15-1-36(15).

an in-state defendant. *Salazar v. Allstate Texas Lloyd's, Inc.,* 455 F.3d 571, 574 (5th Cir. 2006).[2] A plaintiff improperly joins a non-diverse defendant to defeat federal jurisdiction if: (1) there is actual fraud in pleading jurisdictional facts; or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant. *Campbell v. Stone Ins., Inc.*, 2007 WL 4248211 at *2 (5th Cir. Dec. 5, 2007). For the non-diverse defendant to remain in the suit, the court must find that "there is arguably a reasonable basis for predicting that state law might impose liability" on the in-state resident. *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003).[3] The Fifth Circuit has clarified that this "must be a *reasonable* possibility of recovery, not merely a *theoretical* one." *Id*. (emphasis in original). Courts have repeatedly noted that "the burden of demonstrating improper joinder is a heavy one." *McDonal v. Abbot Labs.*, 408 F.3d 177, 183 (5th Cir. 2005) (internal citations omitted).

Unlike a Rule 12(b)(6) inquiry that is limited to the pleadings, a court weighing allegations of an improper joinder may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for their claims. *Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003). In *Berry*, the Fifth Circuit explained how the district court can use both standards in tandem to resolve the question of proper joinder. *Berry v. Hardwick*, 152 Fed. Appx. 371, 374 (5th Cir. 2005). First, the district court "may conduct a Rule 12(b)(6)-type analysis" to determine if the plaintiff has stated a claim against the

---

[2] The Fifth Circuit has described "the paradigmatic fraudulent joinder case" as one in which "a plaintiff sues a nominal nondiverse/in-state defendant along with a diverse foreign defendant in an effort to make sure that its claims against the diverse defendant stay in state court." *Salazar v. Allstate Texas Lloyd's, Inc.,* 455 F.3d 571, 574 (5th Cir. 2006).

[3] As this Court has previously held, "[c]onclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that a defendant was not fraudulently joined." *Indian Gold, LLC v. Amstar Mortg. Corp.*, 504 F. Supp. 2d 147, 150 (S.D. Miss. 2007).

4

in-state defendant. *Id*. The court explained that "[o]rdinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id*. Yet there are a "few" cases where a district court can move to step two and, "in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.*

When conducting the summary inquiry, the district court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff" and "resolve all ambiguities of state law in favor of the non-moving party." *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 463 (5th Cir. 2003) (citing *Travis*, 326 F.3d at 649). Yet if the court finds that "there is no reasonable basis for predicting that Mississippi state law would allow" the plaintiff to recover against any of the in-state defendants, then they are improperly joined, and their residency can be disregarded for jurisdictional purposes. *Berry*, 152 Fed. Appx. at 374.

The Mississippi Tort Claims Act ("MTCA") is the "exclusive remedy for filing a lawsuit against governmental entities" in Mississippi. *City of Jackson v. Brister*, 838 So. 2d 274, 278 (Miss. 2003). The MTCA requires that a plaintiff send particular notices to the chief executive officer of a state entity. *See* Miss. Code Ann. § 11-46-11(1). This notice must contain the facts underlying their claims, which necessarily include: (1) the circumstances which brought about the injury, (2) the extent of the injury, (3) the time and place the injury occurred, (4) the names of all persons known to be involved, (5) the amount of money damages sought, (6) plaintiff's residence at the time of the injury, and (7) plaintiff's residence at the time of filing the notice. *See* Miss. Code Ann. § 11-46-11(2).

In *Easterling*, the Mississippi Supreme Court reaffirmed that "the ninety-day notice

requirement under section 11-46-11(1) is a 'hard-edged, mandatory rule which the Court strictly enforces.'" *Univ. of Miss. Med. Ctr. v. Easterling*, 928 So. 2d 815, 820 (Miss. 2006). The Court has further instructed that "the failure to provide any of the seven statutorily required categories of information falls short of the statutory requirement and amounts to non-compliance with Miss. Code Ann. § 11-46-11(2)." *South Cent. Reg'l Med. Ctr. v. Guffy*, 930 So. 2d 1252, 1258 (Miss. 2006).

### III. APPLICATION AND ANALYSIS

Based on the summary inquiry undertaken on an allegation of improper joinder, this Court has no reasonable basis for predicting that Mississippi state law would permit the Plaintiff to recover against the in-state Defendants. According to the plain language of the statute, as well as its recent interpretation by the Mississippi Supreme Court, Bounds cannot maintain his action against the in-state Defendants because his notice was plainly deficient under Miss. Code Ann. § 11-46-11(2). Therefore, the joinder of the in-state Defendants is improper, and there exists complete diversity sufficient to give this Court jurisdiction over the action.

Comparing the seven disclosures required by Miss. Code Ann. § 11-46-11(2) to the notice sent by Bounds, it appears the Plaintiff failed to offer any information on at least four of the required categories. His notice fails to note: (1) the names of all persons known to be involved; (2) the amount of money damages sought; (3) the plaintiff's residence at the time of the injury; and (4) the plaintiff's residence at the time of filing the notice.[4] Although it was not necessary for

---

[4] In addition, it does not appear that Bounds detailed the extent of the injury or the circumstances which brought it about. His language couches negligence in terms of the "failure to advise him" of the risks of taking Zyprexa, but doesn't outright claim that Zyprexa caused him to develop adult-onset diabetes, the purported injury.

Bounds to have disclosed "every single fact, figure and detail" to meet these requirements, he must still disclose the "substantial details" of each.  *South Cent . Reg'l Med. Ctr. v. Guffy*, 930 So. 2d 1252, 1258 (Miss. 2006).  The Plaintiff's failure to provide any information regarding even one of the categories of information required prevents a finding of substantial compliance. *Suddith v. University of Southern Mississippi*, 2007 WL 2178048 at *14 (Miss. App. July 31, 2007).[5]

Although the Plaintiff admits that his proffered notice did not comply with the terms of the statute, he argues that this Court should not apply its terms too strictly.  Because "the notice made it clear that a malpractice claim was being asserted against the health care providers and that litigation should be anticipated," the Plaintiff argues that he has substantially complied with the statute.  *See* Pl's. Br. at 12 (Jan. 7, 2008).  He further argues that this actual notice coupled with the Defendant's "subsequent investigation of this claim" should be sufficient for him to go forward against the in-state Defendants. *Id.* at 15.[6]

The Fifth Circuit has already considered and rejected this argument.  *Harden v. Field Mem'l Cmty. Hosp.*, 2008 WL 444546 (5th Cir. Feb. 19, 2008) (not submitted for publication).

---

[5] In addition to lacking the requisite disclosures, the notice itself was sent to the wrong person.  Although the stature requires that notice be sent to the "chief executive officer" of the entity, Bounds failed to send notice directly to Jerry Mayo, the proper person under the statute. *See* Miss. Code Ann. § 11-46-11(1); Def.'s Mot. Dismiss Ex. B (Jan. 7, 2008).

[6] In his rebuttal brief, the Plaintiff raises a number of collateral issues for the first time, including claims based on the Eleventh Amendment and an assertion that the in-state Defendants were acting outside the scope of their employment.  Without piercing the pleadings on these various restatements of the principal claims, neither satisfy Rule 12(b)(6) or establish a basis for predicting that the Plaintiff might recover.  As the Fifth Circuit has held, the Eleventh Amendment is irrelevant in the improper joinder analysis. *See Melder v. Allstate Corp*., 404 F.3d 328, 330 (5th Cir. 2005).  Moreover, the facts alleged in the Complaint establish that the in-state Defendants were at all times acting within the scope of their employment, and hence claims against them remain subject to the MTCA notice requirements.

In *Harden*, the plaintiff sent notice to the governmental entity prior to suit, but "provided no information as to two of the seven categories of information required under § 11-46-11(2)." *Id.* at *3.  The plaintiff argued that she had substantially complied with the statute because her letter put the defendant on notice of her claims, and a subsequent investigation by the defendant would have discovered the missing information.  The Fifth Circuit held that "[b]ecause [the plaintiff] provided no facts as to two of the seven categories of information, [the plaintiff] has failed to satisfy the MTCA's notice requirement." *Id*. at 4.  Hence, she had "no cognizable claim against [the defendant] under Mississippi law and her joinder of FMCH was fraudulent." *Id.* at *4.

### IV.  CONCLUSION

The MTCA establishes rigid and inflexible notice requirements for plaintiffs who plan to pursue litigation against the state.  Although state courts have excused plaintiffs who offered meager responses to each of the seven statutory categories, no state court has excused a plaintiff who wholly ignored one or more of the items required.  Bound's failure to comply with Miss. Code Ann. § 11-46-11(2) leaves no reasonable basis upon which this Court could predict that he might recover against the in-state Defendants.  Their joinder to this action is therefore improper, and the in-state Defendants should be dismissed, while the motion to remand should be denied.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the motion to remand [# 8] is **denied** and the motion to dismiss [# 10] is **granted**.

SO ORDERED AND ADJUDGED on this, the 27th day of February, 2008.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE